

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Molly Lorber*  
*Assistant United States Attorney*

*402 E. State Street*  
*Trenton, New Jersey 08608*

*(609) 989-0579*  
*Fax: (609) 989-2275*

September 30, 2014

Honorable Anne E. Thompson  
United States District Judge  
United States District Court  
402 E. State Street  
Trenton, New Jersey 08608

    Re:    United States v. Charles Silvani  
            Crim. No. 13-362 (AET)

Dear Judge Thompson:

    Please accept this letter in lieu of a more formal opposition to defendant Charles Silvani's request to terminate his five year term of supervised release after he has served approximately three and one-half years. Defendant seeks early termination because he has served over half of his term of supervision, and has been compliant with the terms imposed upon him by the court. The Government opposes Silvani's request because early termination of supervised release should be reserved for exceptional or unusual circumstances, which are not present in this case.

    A court, after considering the factors set forth in 18 U.S.C. § 3553(a), may terminate a term of supervised release after the expiration of one year of such term "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). Courts generally agree that early termination is a discretionary decision that is only warranted where there are new or unforeseen circumstances, such as exceptionally good behavior. See, e.g., United States v. Lussier, 104 F.3d 32, 35-36 (2d Cir. 1997); United States v. Williams, 2006 WL 618849, *1-2 (E.D.Pa. March 13, 2006); United States v. Caruso, 241 F.Supp.2d 466, 467-69 (D.N.J. 2003); United States v. Paterno, 2002 WL 1065682, *1-2 (D.N.J. April 30, 2002).

    Silvani pleaded guilty to conspiracy to manufacture 1,000 or more marijuana plants, aiding and abetting the manufacture of 1,000 or more marijuana plants, and aiding and abetting the possession of 1,000 or more marijuana plants with intent to distribute in the Eastern District of Pennsylvania.[1] United States v. Silvani, Crim. No. 09-510 (E.D. Pa.). He seeks early termination because he has served over half of his term of supervision, has been compliant with the sentencing court's directives and with those of the United States Probation Office, has completed substance abuse treatment, has found gainful employment, and has volunteered for a

---

[1] This case was transferred from the Eastern District of Pennsylvania to the District of New Jersey on May 29, 2013.

local community organization. He further emphasizes that he has the support of his family, and posits that his continued supervision must be supported with tax dollars.

   While Silvani's desire to terminate his term of supervision early is understandable, neither this alone nor in conjunction with complying with the conditions of supervised release warrants early termination with approximately 18 months remaining to be served. See United States v. Guilliatt, 2005 WL 589354 at *1 (E.D.Pa. 2005)("[E]arly termination of probation should be ordered only in extraordinary circumstances"); Caruso, 241 F. Supp. 2d at 468-469 (denying early termination of probation because no new, unusual or exceptional circumstances). Indeed, compliance with conditions of supervised release is to be expected, and were it sufficient to warrant early termination, virtually every defendant who did not violate supervised release would be eligible for early termination, and the exception would swallow the rule. Cf. Paterno, 2002 WL 1065682 at *2 ("[C]ompliance with the terms of supervised release and with the law alone are not enough to warrant early termination"); United States v. McKay, 352 F. Supp.2d 359, 361 (E.D.N.Y. 2005) ("[F]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release . . ..").. 

   Here, when viewed in light of the factors set forth in 18 U.S.C. § 3553(a), neither Silvani's conduct nor the interest of justice warrants early termination of his term of supervised release, given the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment and to afford adequate deterrence. Accordingly, the Government requests that the Court deny Silvani's request.

   Thank you for your attention to this matter.

Respectfully Submitted,

PAUL J. FISHMAN  
United States Attorney

BY: MOLLY S. LORBER  
Assistant United States Attorney

*Encls.*

cc:   Charles Silvani, *pro se*